IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

    Plaintiff,

  v.                              Case No. 2:02-cr-195

Troy Bradford,                JUDGE GRAHAM

    Defendant.

## REPORT AND RECOMMENDATION

The Court held a final supervised release revocation hearing on February 3, 2009, by way of reference from Judge Graham. The parties stipulated to the violations described in the Supervised Release Violation Report and argued only the question of an appropriate disposition. This Report and Recommendation contains the disposition which was announced orally at the conclusion of the hearing.

This is the second supervised release violation proceeding in this case. After Mr. Bradford's supervised release was revoked the first time (for walking away from the Alvis House and failing to report to his probation officer), he was sentenced to six months of imprisonment followed by two more years of supervised release. The new violations are somewhat similar. Mr. Bradford relocated to the Northern District of Ohio after receiving a travel permit from the Probation Office. However, he tested positive for methamphetamine on two occasions and was unable to provide a urine sample for a third test. As a result, the Northern District refused to accept a transfer of jurisdiction. After Mr. Bradford moved to Akron, he never reported to his probation officer in Columbus again despite being instructed to do so on several occasions.

It is undisputed, however, that Mr. Bradford has kept current on his written monthly reports.  He also provided his counsel and the probation office with pay stubs indicating that he has been steadily employed.  He was arrested at the address he provided to the Probation Office.

The Probation Office recommended another six-month term of imprisonment for these violations, followed by another two years of supervised release.  The guideline range is three to nine months.

The Court agreed with counsel that these are not the most serious violations which could have been committed.  On the other hand, it appears that Mr. Bradford is still attempting to set his own terms for supervised release.  Among other things, his failure to report in person has prevented the Probation Office from monitoring any substance abuse that may be occurring.  While the Court applauds his effort to maintain a stable residence and to stay employed, he still needs to understand that he is under Court supervision and that the Probation Office's directions must be followed.

A four-month jail term will, hopefully, convey this message without dissuading Mr. Bradford from continuing to make progress on the housing and employment fronts once he is re-released.  An additional term of supervision of two years will provide an ample opportunity for him to demonstrate that he understands the importance of reporting and to allow the Probation Office to help him if he still has a substance abuse problem.  Therefore, it is recommended that Mr. Bradford's supervised release be revoked and that he be sentenced to a term of imprisonment of four months, to be followed by a term of supervised release of two years, which shall include all special conditions imposed as part of his current supervised release.  The parties have also requested that the Court recommend that the jail term be served at the Federal

Correctional Institution in Elkton, Ohio.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                      /s/ Terence P. Kemp
                                  United States Magistrate Judge